UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Case No.

Thomas Giacchi
    Plaintiff

v.

United States of America
Department of the Treasury
Internal Revenue Service
    Defendant

FILED

JUL 3 0 2018

KATE BARKMAN, Clerk
By_____Dep. Clerk

COMPLAINT SEKING REFUND, DECLARATORY AND INJUNCTIVE RELIEF

1.  Plaintiff is Thomas Giacchi, whose address is 2504 Ludwig Court, Macungie PA 18062.

2.  Defendant is the United States of America, Department of the Treasury, Internal

    Revenue Service ("IRS"), whose addresses for service of process are:

    a.  Hon Steven Mnuchin, Secretary of the Treasury, 1500 Pennsylvania Avenue NW,

        Washington DC 20220; and

    b.  Hon. David J. Kautter (Acting) Commissioner of Internal Revenue, 1111

        Constitution Avenue NW, Washington DC 20224.

    c.  Hon. Jeff Sessions, Attorney General,950 Pennsylvania Avenue NW, Washington

        DC 20530; and

    d.  Hon. William M. McSwain, United States Attorney for the Eastern District of

        Pennsylvania, 615 Chestnut Street, Philadelphia PA 19106.

3.  Jurisdiction rests upon 28 USC §1331.

1

4.  Plaintiff has had an ongoing dispute with IRS over tax years 2000, 2001 and 2002.

5.  Attached, marked as **EXHIBIT A**, and made part of this paragraph is a correct copy of

    Plaintiff's submission December 27, 2013, consisting of Forms 843 requesting

    abatement (or refund) for each of tax years 2000, 2001 and 2002, due to overbilling by

    IRS, including the Postmaster's certification of mailing.

6.  Plaintiff also requested a collection due process hearing, which IRS refused.

7.  Attached, marked as **EXHIBIT B**, and made part of this paragraph is a correct copy of

    Plaintiff's submission to IR of January 2, 2018, protesting denial of due process together

    with all the items submitted in December, and including the Postmaster's certification of

    mailing.

8.  IRS has never responded to **Exhibit A** or **Exhibit B**.

9.  Attached, marked as **EXHIBIT C**, and made part of this paragraph are correct copies of

    installment payment submitted voluntarily by the Plaintiff, the first for $365, and 12

    each for $355, representing a 72 month payout pursuant to Form 9465 (not attached),

    some of which have not been acknowledged by IRS. The aggregate of these voluntary

    payments is $4,625.00.

2

10. Attached, marked as **EXHIBIT D**, and made part of this paragraph is a notice of levy on

Plaintiff's wages, Form 668-W, dated July 10, 2018.

11. Plaintiff is sole breadwinner for himself and his wife.

12. A wage levy will leave Plaintiff without the means to make the payments necessary to

keep him and his wife in their home; nor to buy food; nor to buy fuel for Plaintiff's car to

drive to work.

    a.   Plaintiff is paid bi-weekly.

    b.  The allowance on a wage levy is the sum of standard deductions and personal

        exemptions divided by 52. [1]

    c.   Under Publication 1494, the biweekly allowance for a household of two is

        $819.00

    d.   Under the 2017 tax law, there are no more personal exemptions and the

        standard deduction is $12,000.

    e.   Thomas and Joyce Giacchi file as married filing jointly. There are two persons in

        the household. That means 12000 x2 divided by 52, times 2, or $889.00.[2]

    f.   Based on 26 pays per year, converted to a monthly allowance the wage levy

        leaves $1,926 for the taxpayer and his wife to exist.

---

[1] 26 USC §6334(d)(2)

[2] 26 USC §6334(d)(4); See also  26 CFR §6334(d)-1

3

g.  The collection financial standards for a  two person promulgated by IRS are as

follows:[3]

| | |
|---|---|
| National Standards, Living Expenses | $ 1,202.00 |
| National Standarrs Transprotation Ownership | $    359.00  Actual Car Payment |
| Regional standards transprotation | $    230.00 |
| Local Standards Housing Lehigh County | $ 1,854.00 |
| National Standards out of pocket medical | $    104.00 |
| TOTAL ALLOWANCES | $ 3,749.00 |

h.  Plaintiff re-alleges subparagraph 12g, immediately above. After the allowances,

under collection financial standards, the rest of taxpayer's income goes to IRS.

13. The wage attachment levy violates and is far more draconian than the IRS' own

collection financial standards.

14. If allowed to stand, the levy would reduce the plaintiff to virtual poverty, with

insufficient money for the essentials of life.

15. Plaintiff's first pay, which would be subject to the levy is August 2, 1018.

16. Attached, marked as **EXHIBIT E**, and made part of this paragraph is a correct copy of the

proof of claim submitted under oath to the US Bankruptcy Court in Plaintiff's earlier

case 12-13292, filed in April 2012.

---

[3] See irs.gov/collection financial standards. See also IRM 5.15.1

4

a. The bankruptcy proceeding continued from April 2012 to and including September 2017, 66 months.

b. The tax due on the proof of claim for 2000 is zero.

c. Penalties may not accrue on unpaid taxes during the duration of a bankruptcy.

d. Plaintiff believes and avers that penalties were improperly added to the IRS alleged claim during the bankruptcy.

17. The amounts claimed by IRS vary substantially, are issued from differing IRS locations, and are not only contradictory, not only inaccurate , but also especially vexing, because IRS won't respond to Plaintiff's communications (**Exhibits A and B**).

18. If appropriate, given the amounts in dispute, Plaintiff demands a refund of or credit for the monies voluntarily paid to date.

19. The actions of IRS herein, taken together, have been virtually in bad faith.

20. Reference to the accompanying motion for injunctive relief more fully appears.  Therein, plaintiff requests a Temporary Restraining Order, eventually to become a Preliminary Injunction, staying the collection process until an appropriate determination by Your Honorable Court of the merits of the matters in dispute.

5

WHEREFORE, plaintiff claims relief and demands judgment as follows: declaratory relief as

to any amount still due to IRS; refund for or credit for the monies paid to date; and

injunctive relief to stay collection pending further order of court.


Respectfully submitted:

David Dunn Law Offices, PC

By> .................................................. PA ID No 10284
        .../s/...David...F...Dunn...
1248 W Hamilton Street; Allentown PA 18102
Tel: 610-439-1500; Fax 610-439-8760
www.dunncourtpapers@uigzone.com

6

CERTIFICATION

The undersigned certifies under penalties for perjury pursuant to 28 USS §1746 sd follows:

1. That he is the plaintiff.
2. That he has read the averments of the within complaint.
3. That the same are true and correct to the best of his knowledge and belief.

Signed>.......................................................................   Dated>........7/18/2018

Thomas Giacchi, Plaintiff